# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| CEDRIC REYNOLDS, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV414-136 CR412-239 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Cedric Reynolds, who was convicted and sentenced for possession of a firearm by a prohibited person, moves for 28 U.S.C. § 2255 relief. (Doc. 1.[1]) The government opposes. (Doc. 3.) For the following reasons, his motion should be denied.

I. BACKGROUND

An investigation by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and local police revealed that Reynolds was a principal supplier of crack cocaine and firearms in the Savannah area. (Presentence Investigation Report ("PSI") ¶ 6.) Confidential informants

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV414-136. "Cr. doc." refers to documents filed under movant's criminal case, CR412-239.

purchased crack and firearms from him on multiple occasions. (*Id.* ¶¶ 8-10.) The indictment charged Reynolds with distribution of crack, cocaine, possession of firearms by a convicted felon, and using and carrying a firearm in relation to drug trafficking. (Cr. doc. 1.) He entered a guilty plea on December 14, 2012, but he was subsequently permitted to withdraw it. (Cr. docs. 25 & 26.) On May 16, 2013, he entered a final plea of guilty in exchange for the dismissal of all but one count of the indictment. (Cr. docs. 47, 49, & 50.) He was sentenced under the Armed Career Criminal Act ("ACCA") to serve 188 months' imprisonment (under the ACCA, the minimum sentence was 15 years).[2] (Cr. doc. 51.) Reynolds did not appeal.

Thereafter, Reynolds filed the instant § 2255 motion raising two grounds for relief, both of which relate to his status as an Armed Career Criminal. He contends that: (1) counsel was ineffective at the plea hearing for failing to argue that he could not be sentenced as a career criminal since the ACCA was not charged in the indictment, and (2)

---

[2] The ACCA provides that a person convicted of possessing a firearm while a felon who "has three previous convictions . . . for a violent felony or a serious drug offense . . . shall be . . . imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1).

counsel erred by failing to argue that his previous juvenile convictions were non-qualifying offenses under the ACCA. (Doc. 1 at 5-12.)

## II. ANALYSIS

To establish ineffective assistance, a defendant must show deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). On the first prong, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To establish prejudice, a defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Applying that framework, it is readily apparent that if the Court correctly sentenced Reynolds under the ACCA, he cannot show that his attorney rendered deficient performance, and his claims thus fail.

In ground one, Reynolds contends that the ACCA creates a "separate offense" which must be charged in the indictment. (Doc. 1 at 5-8.) That is not so. The ACCA is simply a sentence enhancement

provision. "It does not create a separate offense," so there is no need for it to be charged in the indictment. *United States v. Cobia*, 41 F.3d 1473, 1475 (11th Cir. 1995) (citing *United States v. Ruo*, 943 F.2d 1274, 1275 (11th Cir. 1991)). Furthermore, its application is mandatory. *Id.* While a defendant must be notified of the mandatory minimum and maximum possible penalty, it is adequate to do so through the plea agreement alone. *Id.* In its corrected plea agreement, which Reynolds signed, the government explicitly set out the 15-year minimum sentence under the ACCA. (Cr. doc. 50-1 at 1, 3-4, 10.) Reynolds thus cannot show that his attorney rendered a deficient performance by failing to argue that the government was required to charge the ACCA as a separate offense.

Ground two fails for similar reasons. Reynolds was ACCA-enhanced based on two juvenile adjudications. The first, which occurred in 2002, was for terroristic threats -- Reynolds pointed a pistol at a victim and threatened a crime of violence against him. (Cr. doc. 50-1 at 3.) The second occurred in 2005. Reynolds was adjudicated guilty of aggravated assault when he pointed a gun at the victim's face. (*Id.* at 4.)

4

In both cases, Reynolds was adjudicated a delinquent, (PSI ¶¶ 28 & 30), and he admitted to the adjudications in his plea agreement. (Doc. 50-1 at 3-4.) He also made no objection to the facts portion of the PSI at sentencing.

Meanwhile, § 924(e)(2)(B) expressly designates as a predicate violent felony "any act of juvenile delinquency involving the use or carrying of a firearm . . . that would be punishable by imprisonment for [more than one year] if committed by an adult" and that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. §§ 924(e)(2)(B) & (e)(2)(B)(i); *see also United States v. Burge*, 407 F.3d 1183, 1191 (11th Cir. 2005) (juvenile adjudications count as ACCA predicates even though there is no right to trial by jury in such cases). Each of Reynolds' delinquent acts had "as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* True, a simple conviction for terroristic threats under O.C.G.A. § 16-11-37 may be ambiguous, because it covers both violent and non-violent behavior. *United States v. Greer*, 440 F.3d 1267 (11th Cir. 2006). But here the undisputed evidence of

record shows that the conviction involved violent behavior -- Reynolds pointed a pistol at the victim for the purpose of terrorizing him. (PSI ¶ 28.) That "something more" satisfies the ACCA inquiry. *Greer*, 440 F.3d at 1275. The sentencing range for such an act is one to five years' imprisonment. O.C.G.A. § 16-11-37(c). Movant's second adjudication for aggravated assault clearly qualifies as a predicate offense. O.C.G.A. § 16-5-21(b). The minimum sentence is again one year. O.C.G.A. § 16-5-21(c). These facts show that the ACCA enhancement was properly applied. Hence, Reynolds' attorney did not perform deficiently for failing to challenge the Court's reliance on juvenile adjudications.[3]

## III. CONCLUSION

For the foregoing reasons, Reynolds' § 2255 motion (doc. 1) should be **DENIED**. Applying the Certificate of Appealability ("COA") standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial

---

[3] Reynolds also contends that any violation more than five years old cannot be used against him pursuant to United States Sentencing Guideline § 4A1.2(d). (Doc. 1 at 11.) He points to no authority suggesting that this Guidelines limitation has any application to the ACCA. As written, the ACCA does not impose any five-year limitation.

of COA before movant filed a notice of appeal). And since there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 28TH day of April, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**